UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

JOHN WILEY & SONS, INC.,                    :

                        Plaintiff,          :

            - against -                     :

JOHN H. DANIEL D/B/A/ ALDRIN                :
ARCHITECTURE AND DESIGN,
                                            :
                        Defendant.
                                            :
- - - - - - - - - - - - - - - - - - - x

**07 CIV 4034**

07 Civ.

RECEIVED
MAY 23 2007
U.S.D.C. S.D. N.Y.
CASHIERS

                    COMPLAINT

        Plaintiff John Wiley & Sons, Inc. ("Wiley"), for its

complaint against defendant, avers:

                Nature of the Action

        1.  Wiley is bringing this action to enforce its

trademarks and copyrights in two of its well-known architectural

standards works against defendant's unlawful acts of

counterfeiting and piracy.

                Jurisdiction and Venue

        2.  This Court has subject matter jurisdiction over

the first four claims for relief in this action pursuant to 28

U.S.C. § 1331 because they arise under the Anti-Counterfeiting

Amendments Act of 2004, 18 U.S.C. § 2318, the Copyright Act, 17

U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq.

The Court has subject matter jurisdiction over the fifth claim

for relief under 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of the Court that they form the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

Parties

4.    Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business in Hoboken, New Jersey.

5.    Upon information and belief, defendant John H. Daniel is a natural person and a citizen of the State of California, and has done, or is doing, business as Aldrin Architecture and Design, with his son, David Daniel.

Background of this Action

6.    Wiley is one of the world's largest publishers of books and journals.  Each year, Wiley publishes thousands of scholarly books and hundreds of scholarly journals in fields including science, computers and medicine.

7.    The works that Wiley publishes are written and edited by experts in their fields.  As its standard practice, Wiley requires its authors to assign their copyright in a work to Wiley.

8.    Wiley invests significant monies to publish its copyrighted works.  Wiley, for example, incurs substantial costs in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

9.    Wiley earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced.  A substantial decline in its income could cause Wiley to cease publishing one or more deserving books or journals.

10.    Wiley is a leader in the publication of works that establish and describe architectural standards.  Wiley's most important works concerning architectural standards are entitled <u>Architectural Graphic Standards</u> and <u>Interior Graphic Standards</u>.  Wiley owns the copyrights in each of these works (the "Architectural Standards Copyrights").  Wiley publishes these works in book and electric format.

11.    Wiley also owns numerous trademarks that it uses to differentiate its products from those of its competitors.  Among Wiley's most well-known trademarks is WILEY (the "WILEY Trademark").

### Defendant's Actions

12.  Without Wiley's permission or consent, defendant has sold, with his son David Daniel, pirated CDs that infringe Wiley's Architectural Standards Copyrights and have counterfeit labels.

13.  Defendant has sold these pirated and counterfeit CDs using the Internet auction service eBay and has delivered these CDs using the United States mail and other facilities of interstate commerce to purchasers residing in the United States and in this District.

14.  Upon information and belief, defendant has sold these pirated and counterfeit CDs with the intent to trade off the goodwill Wiley has earned and to confuse the public into believing that the products defendant sells originate from Wiley.

### FIRST CLAIM FOR RELIEF
#### (Trafficking in Counterfeit Labels -- 18 U.S.C. § 2318)

15.  Wiley repeats the allegations contained in Paragraphs 1 through 14 above as if set forth in full.

16.  Defendant has knowingly trafficked in counterfeit labels affixed to a CD of a computer program and/or a literary work, using the mail or a facility of interstate commerce, in violation of 28 U.S.C. § 2318(a).

17.   Defendant's acts complained of herein have damaged and may continue to damage Wiley irreparably.  Wiley has no adequate remedy at law for these wrongs and injuries.  The damage to Wiley includes harm to its good will and reputation in the marketplace for which money cannot compensate.  Wiley is entitled to a preliminary injunction and a permanent injunction restraining further violations of 18 U.S.C. § 2318(a).

18.   Wiley is entitled to recover its actual damages resulting from the violation of 18 U.S.C. § 2318(a), as calculated under 18 U.S.C. § 2318(f)(3), or statutory damages under 18 U.S.C. § 2318(f)(4), as Wiley may elect prior to the entry of judgment.

SECOND CLAIM FOR RELIEF
(Trademark Infringement -- 15 U.S.C. § 1114(a))

19.   Wiley repeats the averments in paragraphs 1 through 18 above as if set forth in full.

20.   Wiley owns the WILEY Trademark, which is valid and enforceable.  Wiley has received United States Trademark Registration Nos. 1,003,988 and 2,159,987 for the WILEY Trademark.

21.   Without Wiley's permission or consent, defendant has infringed the WILEY Trademark in violation of 15 U.S.C. § 1114(a) by using the WILEY Trademark in his CDs.

22.  Defendant's acts complained of herein have damaged and may continue to damage Wiley irreparably.  Wiley has no adequate remedy at law for these wrongs and injuries.  The damage to Wiley includes harm to its good will and reputation in the marketplace for which money cannot compensate.  Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining further violations of 15 U.S.C. § 1114(a).

23.  Because defendant has willfully infringed the WILEY Trademark, Wiley is entitled to recover (1) defendant's profits from the infringing CDs, (2) Wiley's damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 U.S.C. § 1117)

24.  Wiley repeats the averments in paragraphs 1 through 23 above as if set forth in full.

25.  In connection with the sale of his pirated CDs, defendant has used a counterfeit of the WILEY Trademark.

26.  Based upon defendant's use of a counterfeit of the WILEY Trademark in connection with his sales of pirated CDs, Wiley is entitled to recover treble damages, treble profits, and/or statutory damages, pursuant to 15 U.S.C. § 1117(b) and (c).

FOURTH CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

27.  Wiley repeats the averments in paragraphs 1 through 26 as if set forth in full.

28.  Wiley owns the Architectural Standards Copyrights.

29.  Wiley has registered and received United States Certificate of Copyright Registration No. TX 3-878-689 for the work entitled Architectural Graphic Standards, Ninth Edition, and United States Certificate of Copyright Registration No. 5-802-924 for the work entitled Interior Graphic Standards.

30.  The Architectural Standards Copyrights are valid and enforceable.

31.  Defendant has infringed the Architectural Standards Copyrights in violation of 17 U.S.C. § 501.

32.  Defendant's acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Wiley. Wiley has no adequate remedy at law for these wrongs and injuries.  Wiley is, therefore, entitled to a preliminary and a permanent injunction restraining and enjoining further violations of 17 U.S.C. § 501.

33.  Defendant has willfully infringed the Architectural Standards Copyrights.  Wiley is therefore entitled

to recover (1) defendant's profits, or (2) Wiley's damages, or alternatively (3) statutory damages.

FIFTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

34.    Wiley repeats the averments in paragraphs 1 through 33 above as if set forth in full.

35.    Defendant's acts complained of herein have damaged and may continue to damage Wiley irreparably.  Wiley has no adequate remedy at law for these wrongs and injuries.  The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate.  Wiley is, therefore, entitled to a preliminary and a permanent injunction restraining and enjoining defendant, his agents, servants, employees, and attorneys and all persons acting in concert with them from using the WILEY Trademark or any colorable imitation or variation of it, to restitution of defendant's ill-gotten gains, and to punitive damages.

WHEREFORE, Wiley demands judgment:

A.    Preliminarily and permanently enjoining defendant, and his employees, agents, servants and attorneys and all those acting in concert with them from violating 18 U.S.C. § 2318(a), 15 U.S.C. § 1114(a), and 17 U.S.C. § 501;

B.    Awarding Wiley its damages and/or defendant's profits from his unlawful trafficking in counterfeit labels,

8

trademark infringement, trademark counterfeiting, copyright infringement and/or unfair competition;

      C.   Awarding Wiley treble damages, treble profits, statutory damages and/or punitive damages;

      D.   Awarding Wiley its costs in this action including its reasonable attorneys' fees; and

      E.   Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
       May 23, 2007

PERKINS & DUNNEGAN


By *William Dunnegan*
  William Dunnegan (WD9316)
  Megan L. Martin (MM4396)
Attorneys for Plaintiff
  John Wiley & Sons, Inc.
45 Rockefeller Plaza
New York, New York 10111
(212) 332-8300